UNITED STATES METAL CAP & SEAL CO. v. AMERICAN KEYLESS KAP CORPORATION et al.*

AMERICAN KEYLESS KAP CORPORATION v. UNITED STATES METAL CAP & SEAL CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1918.) No. 195.

1. PATENTS ⬥328—VALIDITY.

The Spengler patent, No. 1,074,907, for a bottle closing cap, comprising a resilient disk which utilized the buckling property of metals to produce a tight closure, *held* valid, and not anticipated by the earlier Clay patents.

2. PATENTS ⬥65—ANTICIPATION—DISCLOSURES.

Though the claims of a prior patent were broad enough to include a later device, there is no anticipation, where the disclosure in the specification is incapable of producing the result of the later device.

Appeals from the District Court of the United States for the South-ern District of New York.

Suit by the United States Metal Cap & Seal Company against the American Keyless Kap Corporation and another, together with a suit by the named defendant against the complainant. There were decrees for the complainant in the first case, and defendants appeal. Affirmed.

Appeals from decrees in equity, in two cases, tried together and consolidated upon the record for this court. The action by United States Metal Cap & Seal Company is upon all the claims of patent to Spengler, No. 1,074,907, applied for June 5, 1911, and issued October 7, 1913. After this suit began, the defendant therein, American Keyless Kap Corporation, brought against the United States Metal Cap & Seal Corporation the second action, on claims 4, 5, and 6 of patent No. 755,275, and all the claims of No. 755,276, both issued to Clay on March 22, 1904, but the earlier number rests on an application antedating the later by six months.

The subject-matter common to all these patents is the closure of bottles, jars, and the like by caps of resilient metal, that can be repeatedly applied, removed, and reapplied, as does the "Crown cork and seal," so well known and in extensive use before either Clay or Spengler made their applications. The United States Metal Cap & Seal Company put out commercially the Spengler device; the American Keyless Kap Corporation acquired the Clay patents, which had had no commercial development, and before date of first suit were making and selling an article which confessedly imitates Spengler.

The contest below and in this court may be thus stated: United States Metal Cap & Seal Company asserts that Clay neither anticipates nor narrows Spengler, and that the American Keyless Kap Corporation's product is a plain and willful infringement; the latter corporation replies that Spengler is invalidated by Clay, but, if not, his specification discloses nothing more than a variant of Clay's fundamental and basic concept, so that the later patentee must pay tribute to the earlier. The lower court upheld the Spengler patent and declared it infringed, and found no infringement of Clay's patents. From both decrees, the American Keyless Kap Corporation appealed.

Charles Neave, of Boston, Mass., and Howard Taylor, of New York City, for appellants.

Stephen J. Cox, of New York City (Frank J. Kent, of New York City, on the brief), for appellee.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

HOUGH, Circuit Judge (after stating the facts as above). [1] The question of infringement need not detain us; it is admitted, if the rela-

tive merits of Clay and Spengler were correctly adjudicated in the trial court. The closure or stopper made under the Spengler patent utilizes the elasticity or resiliency of metal to produce a loose or tight fit over any aperature which, like a bottle mouth, has a flange surrounding the open end. A rude form of this operation can be observed when the well-known "Crown cork and seal," having been carefully detached with a tool, is pressed down again over the bottle mouth, and makes a fairly close fit by the elasticity of its continuous rim.

But Spengler's plan is to use the resiliency of the circular top, and cause it to buckle or bend (either up or down, relative to the bottle) within such limits as not to disturb molecular formation, and in such wise that when the top is concave the fit over bottle mouth is loose, and when convex the rim bites closely the bottle flange. Pressure on rim produces convexity and locks the stopper, pressure on the resulting convexity spreads the rim and permits removal, and the process can be repeated indefinitely.

Claims 1 and 2 of Spengler were said by the examining authorities in the Patent Office to cover all patentable novelty in the application. We think they do, and No. 1, given below,[1] is in the most general language, while Figure 2, also reproduced, shows the closure tightly covering bottle top.

Fig. 2.

This device is a most ingenious utilization of a familiar property of metal, its simplicity is a high recommendation, and the fact that, once done, it seems easy, is no evidence that inventive thought was not necessary to achieve it. While other patents are cited, we find no prior art except Clay, who, beside the patents in suit, obtained also Nos. 811,824 and 938,825 at dates prior to Spengler. We think it plain that Clay, while more frequently showing forms that would necessarily be expended by one use, did consistently utilize the resiliency of metal to obtain his closing or sealing force, and exhibited on paper some forms of stopper which he asserted could be used over and over again. It is rather singular that, of all the Clay patents, only 755,276 was cited against Spengler in the office, while in this litigation 755,275 is almost wholly relied on.

---

[1] "A bottle closing cap comprising a resilient disk having a central bulged portion capable of being sprung into two reverse positions, the bulge being on one side of a plane when one of the two positions is assumed, and on the other side of the plane when the other position is assumed, and fingers integral with said central portion and depending from the periphery thereof at one side of said central portion in circular arrangement, said fingers being separated from each other, the free ends of said fingers, when the bulge is sprung away from the fingers, moving toward the center of the circle on which they are arranged, and, when the bulge is sprung into its second position or toward the fingers, moving away from the center of said circle."

The claims of the Clay patents in suit are assuredly broad enough; No. 2 of 755,276 would plainly read on a replaced Crown cork and seal, while of No. 6 of 755,275, given below,[2] it is said arguendo:

"The concaved center and the divided annular flange (made by radial slits) are so obviously present in the Spengler cap that no comment is necessary."

Infringement is not so easily proved. To fit a patent claim on a product is only the first step. The next inquiry is: What was sub-stantially described in the specification?

[2] Examining the whole line of Clay disclosures, we lay aside all forms expended by a single use, find on the evidence that the only stoppers shown or described in 755,276 that can affect Spengler are inoperative, and hold that the plan of operation most generally defined in the quoted claim from 755,275 is the only reference requiring mention. Below is shown Clay's reusable stopper for "fruit or milk cans," as loosely placed on the top of a specially formed jar; when pressed down in the center the radially split rim, *g*, is said to engage the lip, *d*, and pressure on packing, *h*, resting on rib, *b*, seals the jar. (The "annular rib" of claim 6 is *f*.)

This apparatus fairly illustrates what were Clay's theories of action, running all through his patents, in so far as they touch Spengler at all; i. e., he is trying to do away with elastic packing, on which Spengler depends. He uses the pushed-in or concave cover to produce closure, which is the antithesis of the means by which Spengler so simply produces closure and reusability on a common bottle, and he (in this instance certainly) relies on buckling up and down (relative to bottle axis) to produce a pressure against a ledge (*d*) of a peculiar nature, which pressure, if effective at all, depends for its operation on the relative height of another ledge (*b*).

Clay did not first utilize or harness the buckling properties of metal, nor did he claim so to do. He did try to apply them in the art of stopping bottles; but, giving the broadest possible scope to his somewhat doubtful and certainly unpractical disclosures, we agree with the court below that Spengler's idea of a "stopper clasping the neck of the bottle by buckling, and to be extracted by buckling in the reverse direction, was a new invention, and not a mere improvement upon Clay."

The decrees appealed from are affirmed, with one bill of costs.

---

[2] "A bottle stopper comprising a resilient disk having a concaved center, an annular rib, and a divided annular flange outside the said rib, for the purpose described."